UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONG VAN NGUYEN,<br>A-Number: 022-084-307 | ) Case No.: 1:25-cv-01815-FJS (HC) |
| | ) |
| Petitioner, | ) ORDER DENYING MOTION FOR COUNSEL AS<br>) MOOT<br>) [Doc. 9] |
| | ) |
| v. | ) ORDER GRANTING PETITION FOR WRIT OF<br>) HABEAS CORPUS, DIRECTING RESPONDENTS<br>) TO RELEASE PETITIONER IMMEDIATELY,<br>) ENJOINING RESPONDENTS FROM RE-<br>) DETAINING PETITIONER, AND DIRECTING<br>) CLERK OF COURT TO ENTER JUDGMENT<br>) AND CLOSE CASE<br>) [Doc. 1] |
| TONYA L. ANDREWS, et al., | |
| | |
| Respondents. | |
| | ) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241.

Petitioner filed the instant petition on December 11, 2025. (Doc. 1.) On December 15, 2025, the Court issued an order directing Respondents to file a response to the petition. (Doc. 6.) On January 14, 2026, Respondents filed a response. (Doc. 13.) Petitioner did not file a reply.

Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). He claims his continued detention violates his due process rights under the Fifth Amendment because there is no significant likelihood of removal in the reasonably foreseeable future. He claims that his potential removal to a third country violates his constitutional rights and is punitive.

1

Finally, he claims his re-detention is unlawful because ICE failed to comply with its own regulations prior to revoking his release.

For the reasons discussed below, the Court will GRANT the petition.[1]

I.    BACKGROUND

Petitioner is a native and citizen of Vietnam. (Doc. 1 at 2.) In May of 2004, Petitioner was ordered removed to Vietnam. (Doc. 1 at 2.) He was then released on an order of supervision. (Doc. 1 at 3.) Twenty years later, on July 8, 2025, he was re-detained. (Doc. 1 at 3.) He has remained in custody at the Golden State Annex since then.

II.    DISCUSSION

A.    Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

B.    Revocation of Release on Supervision

In claim four of the petition, Petitioner alleges the Government failed to comply with its own regulations, (8 C.F.R. § 241.13), when it re-detained Petitioner on July 8, 2025. (Doc. 1 at 17.) In their response, Respondents did not address the issue, other than to acknowledge the existence of caselaw holding that ICE may not detain an alien subject to a final order of removal who has been previously released absent a showing of changed circumstances. (Doc. 13 at 2) (citing *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025)).

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the magistrate judge, including trial and entry of final judgement. (Docs. 7, 11, 14.)

Upon review, like the *Hoac* case cited above, the Court finds that the Government has violated its own regulation. Section 241.13 provides "special review procedures" governing ICE's authority to revoke a removable alien's release in cases where, as here, ICE has (1) previously determined "that there is no significant likelihood of removal in the reasonably foreseeable future," and then (2) subsequently seeks to revoke release based on changed circumstances resulting in a "determin[ation] that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(a), (g)(1), (i)(2).

First, to revoke a removable alien's release under section 241.13(i)(2), ICE must determine that the alien is significantly likely to be removed in the reasonably foreseeable future "on account of changed circumstances."[2] 8 C.F.R. § 241.13(i)(2). The Government does not provide evidence that any change in circumstance determination was made, much less that such a determination was made *before* the removable alien had his release revoked. Indeed, Respondent proffers no evidence that ICE has obtained a Vietnamese travel document for Petitioner despite having detained the Petitioner approximately nine months ago. *Cf. Vo v. Albarran*, No. 25-cv-01530-JLT-SKO, 2026 WL 177796, at *2 (E.D. Cal. Jan. 22, 2026). This detention "is longer than the typical removal period." *Id.* (citing 8 U.S.C. § 1231(a)(1)(A)). "An undue delay in removal for an individual alien beyond the typical removal period would naturally suggest that removal is unlikely." *Id.* (quoting *Yang-Ling X v. Lyons*, No. 25-cv-01412-KES-CDB, 2025 WL 3123793, at *5 (E.D. Cal. Nov. 7, 2025)).

Second, even if the Government could point to "changed circumstances," 8 C.F.R. § 241.13(i)(2), the Court finds the Government also violated section 241.13(i)(3)'s notice requirement. Section 241.13(i)(3) sets forth applicable "revocation procedures." To revoke a removable alien's release under section 241.13(i)(3), an alien must "be notified of the reasons for revocation of his or her release" and those reasons must be "stated in the notification." 8 C F.R. § 241.13(i)(3). Here, there is no evidence that Petitioner was provided with notice of the Government's reasons for any

---

[2] The Court notes that section 241.13(i)(1) provides another avenue for the Government to revoke release under section 241.13 in instances where an alien "violates the conditions of release." But nowhere in the record does the Government purport to rely on this authority for the October 16, 2025, revocation of Petitioner's release, so the Court will not address this provision.

determination it had made that circumstances had changed such that removal was now reasonably foreseeable.

Finally, even if the Court found the Government had made a legally sufficient determination of "changed circumstances" under section 241.13(i)(2) and that the notice was sufficient under section 241.13(i)(3), the Court finds the Government also violated section 241.13(i)(3)'s opportunity to be heard requirement. In addition to the notice provision, section 241.13(i)(3) requires ICE to "promptly," after re-detainment, conduct "an initial informal interview" to "afford the alien an opportunity to respond to the reasons for revocation." Here, there is no evidence that any such interview was provided. The Court, therefore, finds the Government violated Petitioner's due process rights by not complying with its own rule under section 241.13(i)(3). *See Tran*, 2025 WL 3005347, at *3 (finding the same); *see also Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard."); *Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021) ("If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them.").

The Government's response does not engage with Petitioner's argument that his due process rights were violated when the Government failed to abide section 241.13's requirements. "Courts have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered." *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases). This Court will follow suit.

Because the Government failed to comply with the requirements of section 241.13(i) when it revoked Petitioner's supervised release on July 8, 2025, issuing a writ to reinstate that release is warranted to preserve the status quo before the Government's challenged actions. The status quo *ante litem* is "the last uncontested status which preceded the pending controversy[.]" *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)); *see Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1061 (9th Cir. 2014) ("the 'status quo' refers to the legally relevant relationship between the parties before the controversy arose") (citing *McCormack v. Hiedeman*, 694 F.3d 1004, 1020 (9th Cir. 2012)).

Here, Petitioner had been on supervised release for over twenty years until he was re-detained. Because Petitioner challenges his re-detainment, the last uncontested status of Petitioner was before he was re-detained on July 8, 2025. *See Pinchi v. Noem*, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763, at *3 (N.D. Cal. Jul. 4, 2025) (finding that the "moment prior to the Petitioner's likely illegal detention" is the status quo). Accordingly, Petitioner will be granted immediate release to return him to the status quo.

III.     MOTION FOR COUNSEL

The Court notes that Petitioner filed a motion for counsel on December 29, 2025. (Doc. 9.) Because the petition will be granted, the Court finds the appointment of counsel unnecessary at this time.

IV.     ORDER

Accordingly, IT IS HEREBY ORDERED:

1)  Petitioner's motion for counsel, (Doc. 9), is DENIED;

2)  The Petition for Writ of Habeas Corpus is GRANTED;

3)  The Government is ORDERED TO IMMEDIATELY RELEASE Petitioner (Alien Registration No. 022-084-307) according to the conditions of release that were in effect before his July 8, 2025, re-detainment;

4)  The restraints recited in the Court's December 12, 2025, minute order are dissolved as moot; and

5)  The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **April 7, 2026**

_____
FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

5